```
                  UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF KENTUCKY
                        COVINGTON DIVISION
```

IN RE:

WILLIAM E. NIEHOFF and
JULIE L. NIEHOFF

                                                                                CASE NO. 08-21211

DEBTORS

## MEMORANDUM OPINION AND ORDER

This matter having come before the court on a confirmation hearing held on October 14, 2008, and the matter having been taken under submission, the court hereby issues this memorandum opinion and order.

The issue before the court is whether 11 U.S.C. § 1325(b)(4) mandates a five year commitment period for above-median income debtors where the debtors have shown negative disposable income on Form B22C while showing positive net monthly income on Schedule J.

Debtors filed their Chapter 13 petition on June 16, 2008, including Form B22C and Schedules I and J.  Form B22C shows debtors to have a negative disposable income of $901.79, while Schedules I and J show debtors to have a positive net monthly income of $639.00.  Form B22C also shows the debtors to be above-median income debtors. Debtors filed a Chapter 13 plan on June 16, 2008, along with an amendment to the plan on August 20, 2008.  The plan duration is for 36 months and calls for payments monthly of the net income from Schedule J.  The Chapter 13 Trustee objects to any plan duration less than 60 months.

11 U.S.C. § 1325(b)(4) provides that the plan commitment period is five years for above-median income debtors.  However, some courts

have held that when above-median income debtors have negative disposable income they may propose a 36 month plan.  See <u>In re Alexander</u>, 344 B.R. 742 (Bankr. E.D.N.C. 2006).  This court agrees with that logic since either a 36 month plan or longer plan requires only a zero payment to unsecured creditors when debtors have negative disposable income.  Whether the court would confirm a zero percent plan is not before the court in this case.

The debtors would be correct if this court used the amount arrived at on line 59 of Form B22C as the projected disposable income of the debtors.  However, this court has ruled that disposable income is to be determined from Schedules I and J.  <u>In re Riggs</u>, 359 B.R. 649 (E.D.Ky. 2007)  Here debtors have a disposable income of $639.00 based upon Schedules I and J but have proposed only a 36 month plan.  See also <u>In re Petro</u>, ___ B.R. ___ (6th Cir. BAP 2008), 2008 WL 4601471. (Projected disposable income to be based on debtors' circumstances at confirmation.)

For the above reasons, confirmation of the debtors' plan is hereby DENIED.  Debtors shall have fifteen days from the date of the entry of this memorandum opinion and order to propose an amended plan that commits all projected disposable income to the plan for five years, failing which, the case shall be dismissed and the Trustee shall submit an order.


Copies to:

Patrick J. Conway, Esq.
Debtors
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Tuesday, October 21, 2008
(wsh)**